UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:16-cr-92 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| CORREY CAVINS, | : | |
| | : | |
| Defendant. | : | |

### ORDER DENYING DEFENDANT'S MOTION
### FOR COMPASSIONATE RELEASE

This criminal case is before the Court on Defendant's motion for compassionate release (Doc. 35), the Government's response in opposition (Doc. 37),[1] Defendant's reply (Doc. 38), and Defendant's supplemental documentation (Docs. 40, 42).[2]

## I.    BACKGROUND

On October 5, 2016, Defendant Correy Cavins was charged by way of a five-count Indictment with the following: distribution and attempt to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 1, 2, 3); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1) (Count 4); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 5). As charged, Defendant faced up to 20 years imprisonment on the three drug charges, up to 10 years

---

[1] The Government moved for an extension of time to respond to Defendant's motion. (Doc. 36). For good cause shown, that motion is **GRANTED**.

[2] Also before the Court is Defendant's *pro se* "motion seeking inquiry and status update for motion for compassionate release." (Doc. 41). Because this Order resolves Defendant's motion for compassionate release, Defendant's *pro se* motion shall be **terminated as moot**.

for the felon in possession charge, and a mandatory consecutive sentence of no less than five years up to life for possessing a firearm in furtherance drug trafficking. *See* 21 U.S.C. § 841(b)(1)(C); and 18 U.S.C. § 924(a)(2), (c)(1)(A).

On August 20, 2018, as part of an agreed resolution to the case, the Government filed a three-count Superseding Information, charging Defendant as follows: distribution and attempt to distribute fentanyl mixtures, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 1); distribution and attempt to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 2); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3). (Doc. 20). As charged, Defendant was now subject to maximum term of 20 years imprisonment on Counts 1 and 2, and a maximum term of 10 years imprisonment on Count 3. 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 924(a)(2).[3]

On August 21, 2018, Defendant appeared before the Court and, upon waiving Indictment, entered a plea of guilty to Counts 1, 2, and 3 of the Superseding Information, pursuant to a Rule 11(c)(1)(C) plea agreement. (Min. Entry, Aug. 21, 2018). Specifically, the plea agreement provided a proposed binding recommendation that the Court sentence Defendant to an aggregate term of imprisonment within the range of 84 to 188 months, followed by 15 years of supervised release, a fine to be determined by the

---

[3] As later revealed in Defendant's Statement of Facts, the two drug distribution charges actually resulted in the death of two victims, which would have increased the applicable terms of imprisonment to a mandatory minimum of 20 years. (Doc. 21 at 7); 21 U.S.C. § 841(b)(1)(C). As part of the plea agreement, however, Defendant took responsibility for the resulting deaths in his Statement of Facts, but did not plead to the offense with the enhanced statutory penalties.

Court, payment of the mandatory $300 special assessment, and forfeiture of the firearms. (Doc. 21). The Court accepted Defendant's guilty plea, but deferred acceptance of the Rule 11(c)(1)(C) plea agreement until after the Court received and reviewed the Presentence Investigation Report ("PSR"). (Min. Entry, Aug. 21, 2018).

At the time of his plea hearing, Defendant admitted to the facts set forth in his Statement of Facts. (Doc. 21 at 7). In sum, Defendant admitted that he sold illegal substances to two victims who died of overdoses. (*Id.*) Specifically, on September 27, 2016, police responded to suspected overdose and found a 23-year-old victim, deceased. (*Id.*) The investigation revealed that the victim, who had previously been used as a confidential information for the police department, had purchased drugs from Defendant and died as a result of ingesting narcotics. (*Id.*) The investigation also revealed a second overdose of a 21-year-old victim, who had purchased heroin from Defendant and died as a result of acute fentanyl intoxication. (*Id.*)

Defendant's final PSR was completed on March 15, 2019. As stated in the PSR and ultimately calculated by the Court, Defendant's offense conduct resulted in a Total Offense Level of 41, a Criminal History Category VI, and a Guideline Range of 360 months to life imprisonment. (PSR at 36). Defendant also qualified as a Career Offender under the United States Sentencing Guidelines, based on Defendant's two prior convictions for felonious assault (*i.e.*, crimes of violence). (*Id*. at 12).

The case proceeded to sentencing on September 25, 2019, at which time the Court accepted the Rule 11(c)(1)(C) plea agreement and, accordingly, sentenced Defendant within the proposed binding plea agreement. (Min. Entry, Sep. 25, 2019). Specifically,

the Court sentenced to 144 months imprisonment on Count 1, 144 months imprisonment on Count 2, and 120 months on Count 3, with all counts to be served concurrently, for an aggregate total term of 144 months imprisonment, followed by a life term of supervised release. (Doc. 32).

## II. STANDARD OF REVIEW

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment," and "the court may not modify a term of imprisonment once it has been imposed," subject to limited exceptions. 18 U.S.C. § 3582(b), (c); *Dillon v. United States*, 560 U.S. 817, 824 (2010). One such exception permits the Court to reduce a term of imprisonment, either upon a motion brought by the Bureau of Prisons ("BOP"), or on the defendant's own motion, seeking compassionate release. *Id*. at § 3582(c)(1)(A)(i). A defendant may file a motion for compassionate release with the Court after exhausting the BOP's administrative process, or thirty days after the warden receives the defendant's compassionate release request, whichever is earlier. *Id*. at § 3582(c)(1)(A).

To grant a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court must: **first**, find that "extraordinary and compelling reasons warrant [] reduction [of the sentence]"; **second**, find that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission" (specifically, U.S.S.G. § 1B1.13); and **third**, consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020).

4

However, pursuant to Sixth Circuit precedent, the second step of the Court's three-step § 3582(c)(1)(A) inquiry—*i.e.*, finding that the reduction is consistent with U.S.S.G. § 1B1.13—<u>does **not** apply to motions brought by the *defendant*</u>. *Jones*, 980 F.3d at 1109 (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)); *Elias*, 984 F.3d at 519 (noting the Sixth Circuit's holding is consistent with the Second, Fourth, and Seventh Circuits, as well as the majority of district courts).

"The district court has substantial discretion" in deciding a motion for compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020) ("The statute says that the district court 'may' reduce a sentence if it finds the first two requirements met; it does not say that the district court must do so").

Defendant bears the burden of showing that he is entitled to compassionate release. *E.g.*, *United States v. Kannell*, No. 20-12635, 2021 WL 223485, at *1 (11th Cir. Jan. 22, 2021) ("The movant bears the burden of proving entitlement to relief under section 3582"); *United States v. Melgarejo*, 830 F. App'x 776, 778 (7th Cir. 2020) ("[the defendant] did not meet his burden of demonstrating that his circumstances were extraordinary and compelling"); *cf. United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (holding that the defendant bears the burden to show he is entitled to reduction of sentence under 18 U.S.C. § 3582(c)(2)).

### III.  ANALYSIS

Here, Defendant has filed his own motion for compassionate release (as opposed to a motion brought by the BOP) and, therefore, the Court must undertake the first and third steps of the § 3582(c)(1)(A) inquiry. Accordingly, the Court will consider whether

"extraordinary and compelling reasons" warrant a reduction in Defendant's sentence and, if so, will further consider whether such a reduction is warranted in light of the relevant section 3553(a) factors.

### A. Extraordinary and Compelling Circumstances

First, the Court must find that "extraordinary and compelling reasons warrant [the sentencing] reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute does not define the term "extraordinary and compelling reasons," and Congress delegated the task to United States Sentencing Commission. *See Ruffin*, 978 F.3d at 1004. However, "[i]n cases where incarcerated persons file motions for compassionate release, federal judges … have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111 (emphasis added).

Defendant argues that the presence of COVID-19, coupled with his underlying medical conditions, constitute extraordinary and compelling reasons. (Doc. 35 at 4-7; Doc. 40; Doc. 42). Defendant states, and his medical records confirm, that he has previously been sick with COVID-19 and that he suffers from superior vena cava syndrome, a heart condition that decreases the amount of oxygen entering his heart. (*Id.*) Related to his heart condition, prior to his incarceration, Defendant had four heart stents put in, which stents have since fractured into pieces or been compressed, causing shortness of breath. (Doc. 35 at 5). Since his incarceration, Defendant's scans have shown pleural thickening, scarring in his right lung, and hourglass narrowing of the junction of his vein stents. (Doc. 40 at 4-5). Additionally, since his incarceration,

6

Defendant has consulted with doctors regarding heart surgery and undergone a less invasive procedures to try to restore blood flow to his veins. (Doc. 42 at 2-3).

The Sixth Circuit has held that, <u>absent extenuating circumstances</u>, the COVID-19 pandemic does not constitute an extraordinary and compelling reason for an inmate's release because COVID-19 vaccinations are available to federal prisoners. *See, e.g.*, *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (following *Lemons*).[4]

Here, Defendant's heart condition is among the underlying conditions that the Centers for Disease Control and Prevention ("the CDC") identifies as causing an increased risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CDC, *available at*: www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 9, 2023). But, even when considering Defendant's heart condition, the Court does not find an extraordinary and compelling reason for compassionate release.

First, Defendant has received his COVID-19 vaccination. (E.g., Doc. 40 at 4). Second, there is no indication that the BOP has provided him inadequate medical care. *E.g.*, *United States v. Watson*, 593 F. Supp. 3d 758, 763 (S.D. Ohio 2022) (denying compassionate release to inmate suffering from sickle cell condition who recovered from COVID-19 and was receiving adequate medical care). Indeed, Defendant's medical

---

[4] For example, extenuating circumstances may include the inability to receive or benefit from a vaccine. *Lemons*, 15 F.4th at 751.

7

records suggest that, since his incarceration, the BOP has been responsive to his condition and sought opinions regarding Defendant's course of treatment. (*See* Docs. 35-1–35-5, 40-1–40-7, 42-1–40-5). Most notably, since the filing of his motion, Defendant has been transferred from his original facility of designation (FCI Gilmer) to a Federal Medical Center (FMC Lexington). Thus, Defendant is in a facility that is well-equipped to address his medical needs. Finally, COVID-19 appears to be well-controlled at FMC Lexington. As of November 9, 2023, there were no active COVID-19 cases. *BOP COVID-19 Statistics*, BOP, *available at* bop.gov/coronavirus/covid19_statistics.html (last accessed Nov. 9, 2023).

In short, although the Court is sympathetic to Defendant's serious medical condition, the Court finds that the possibility that Defendant may re-contract COVID-19 and develop serious complications, does not give rise to extenuating circumstances to justify the extraordinary remedy of compassionate release, particularly given his vaccinated status and the medical care he is receiving while incarcerated.

### B. 18 U.S.C. § 3553(a) Factors

Having found that no "extraordinary and compelling reasons" exist to warrant compassionate release, the Court may deny the motion on that finding alone. *See Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the [required] prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others") (citing *Jones*, 980 F.3d at 1108; *Ruffin*, 978 F.3d at 1006). However, even assuming *arguendo* that "extraordinary and compelling reasons" existed, the Court

8

nevertheless finds that reduction is not warranted based upon its consideration of all applicable § 3553(a) factors.

Specifically, "the nature and circumstances" of Defendant's offense weigh heavily against relief. 18 U.S.C. § 3553(a)(1). Defendant was convicted of and found to be responsible for selling illegal fentanyl and heroin, resulting in the death of two victims.

Additionally, Defendant's "history and characteristics" likewise do not support release. 18 U.S.C. § 3553(a)(1). Defendant's lengthy criminal history includes numerous drug possession, firearms, and felonious assault offenses. (PSR at ¶¶ 74-106). Moreover, Defendant's two felonious assault convictions constituted crimes of violence, thereby qualifying him as a Career Offender under the United States Sentencing Guidelines. (*Id.* at ¶¶ 112-114). Finally, the remainder of Defendant's criminal history is riddled with persistent offenses for disorderly conduct, obstruction, driving under suspension, and operating a vehicle without a license. And while these offenses are considerably less serious, they nevertheless demonstrate to the Court that Defendant is unwilling or unable to abide by even the most basic of legal requirements.

In sum, Defendant's history and characteristics demonstrate that he has engaged in continuous unlawful conduct since the age of 16, he is undeterred by shorter sentences, and that he poses a danger to the safety of the community. Therefore, the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, and to protect the public, cut against Defendant's early release. 18 U.S.C. § 3553(a)(2).

At the time of sentencing, this Court, upon consideration of all applicable 18 U.S.C. § 3553(a) factors, accepted the Rule 11(c)(1)(C) plea agreement and, accordingly,

9

sentenced Defendant to an aggregate term of 144 months imprisonment. To date, Defendant has served approximately 87 months. For purposes of Defendant's motion, the Court has once again considered the applicable 18 U.S.C. § 3553(a) factors and, having done so, continues to find that the imposed sentence is appropriate. In short, the Court finds that its imposed sentence of 144 months imprisonment is sufficient but not greater than necessary, and further finds that any reduction of Defendant's sentence would fail to fully address the purposes of sentencing.

### IV.   CONCLUSION

Based upon the foregoing, Defendant's motion for compassionate release (Doc. 35) is **DENIED**.

**IT IS SO ORDERED.**

Date:  12/21/2023                                                                                      *s/ Timothy S. Black*
                                                                                                       Timothy S. Black
                                                                                                       United States District Judge